UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH OLIVER OWENS, #0290606,<br>Plaintiff,<br>v.<br>ELIZABETH K. LEE, Judge, et al.,<br>Defendant(s). | Case No. 23-cv-05654-CRB (PR)<br><br>**ORDER OF DISMISSAL**<br><br>(ECF No. 3) |

Plaintiff, a pretrial detainee at the San Mateo County Jail (SMCJ) in Redwood City, California and frequent litigant in this court, has filed a pro se complaint for damages under 42 U.S.C. § 1983 alleging various wrongdoing by several San Mateo County Superior Court judges and a deputy district attorney in connection with ongoing state criminal proceedings against him.

Plaintiff also seeks to proceed in forma pauperis (IFP) under 28 U.S.C. § 1915.

## DISCUSSION

A.   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.    Legal Claims

It is well established that a state judge generally is "immune from suit for money damages." Mireles v. Waco, 502 U.S. 9, 9 (1991). This immunity is overcome in only two sets of circumstances. Id. at 11. "First, a judge is not immune from liability from nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." Id. at 11-12 (citations omitted). "[W]hether an act by a judge is a 'judicial' one relate[s] to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." Stump v. Spakman, 435 U.S. 349, 362 (1978). A "complete absence of all jurisdiction" means a clear lack of subject matter jurisdiction. Miller v. Davis, 521 F.3d 1142, 1147 (9th Cir. 2008).

Plaintiff alleges that several San Mateo County Superior Court judges improperly have allowed Deputy District Attorney Tabi Yasmin to unlawfully add prior "strike" conviction enhancement allegations in his ongoing criminal prosecution. See ECF No. 1 (Compl.) at 4-5. He also suggests that the superior court judges have allowed a lower burden of proof than is required by state law. See id. at 6.

None of the alleged actions by the named San Mateo County Superior Court judges in connection with plaintiff's ongoing criminal prosecution involve nonjudicial actions or judicial actions taken in the complete absence of all jurisdiction. See Mireles, 502 U.S. at 11-12. The named superior court judges consequently are "immune from suit for money damages." Id. at 9. And so is Deputy District Attorney Yasmin because it is well established that state prosecutors are immune from suit for money damages for their conduct in "pursuing a criminal prosecution" when, as here, they act within their role as an "advocate for the State" and their actions are "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976).

## CONCLUSION

For the foregoing reasons, the complaint is DISMISSED under 28 U.S.C. § 1915A(b) for seeking monetary relief from a defendant who is immune from such relief. And plaintiff's request

to proceed IFP (ECF No. 3) is DENIED because the action clearly is "frivolous or without merit." O'Loughlin v. Doe, 920 F.2d 614, 616 (9th Cir. 1990) (citation and internal quotation marks omitted).

**IT IS SO ORDERED**.

Dated:  November 20, 2023

_____
CHARLES R. BREYER
United States District Judge